IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

        Plaintiff,

v.

FRANCISCA SALAS, *et al.*,

        Defendants.

OPINION and ORDER

17-cv-740-wmc

---

*Pro se* plaintiff Rodney Moore filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his constitutional rights for their involvement in his criminal proceedings, parole, and parole revocation spanning from 1994 to 2005. His complaint suffers from two problems, the latter of which requires dismissal. First, Moore may not proceed in this lawsuit without paying the full $400 filing fee because he does not satisfy the imminent-danger exception to § 1915(g). Second, because Moore's claims challenge the validity of his criminal proceedings, the court must dismiss them pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

*First,* this action is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the full filing fee up front. In particular, under the "three-strikes rule" set forth in 28 U.S.C. § 1915(g), if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full

filing fee. The sole exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

On at least three prior occasions, Moore has brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Moore v. Dane County Clerk of Courts*, No. 09-cv-361-bbc (W.D. Wis. July 21, 2009); *Moore v. Hayward*, No. 09-cv-363-bbc (W.D. Wis. July 21, 2009); *Moore v. Bennett*, No. 09-cv-364-bbc (W.D. Wis. July 21, 2009). Therefore, he cannot proceed *in forma pauperis* in this case unless the court concludes that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

It is apparent that Moore has not met the relatively low bar required to meet the "imminent danger" standard. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury."). Indeed, Moore has not alleged that he is currently at risk of suffering serious physical injury related to the claims he is seeking to pursue in this lawsuit. Because Moore has not shown that he is in imminent danger, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

*Second*, and more problematic, is that the central focus of this lawsuit -- Moore's challenge to his criminal conviction and subsequent parole and revocation proceedings -- is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck,* a plaintiff is precluded from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* In other words, to the extent plaintiff is seeking damages premised on a wrongful conviction or sentence, he cannot proceed, unless his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (requisite showing "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit").

Here, nothing in plaintiff's pleadings or the publicly available information about his criminal or revocation proceedings indicate that any court has invalidated those proceedings, or even called them into question. Furthermore, it appears that Moore realizes that his claims in this lawsuit are encapsulated by his criminal proceedings because he filed a motion to stay this matter so that he can complete a state court proceeding in which he is challenging his convictions. (*See* dkt. #10.) Accordingly, Moore's claims in this lawsuit are barred by *Heck*, and the court will dismiss this case without prejudice. In the event that Moore does succeed in challenging his criminal conviction, Moore should

bear in mind that, in light of the court's § 1915(g) discussion above, pursuing a § 1983 claim in this court will require him to pay the full $400 filing fee.

ORDER

IT IS ORDERED that:

1. Plaintiff's Rodney Moore's claims in this case are DISMISSED without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. Plaintiff's motions for stay and to proceed *in forma pauperis* (dkt. ##9, 10) are DENIED.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 17th day of September, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge